## WISDOM v. WISDOM.

### No. 8213.

Circuit Court of Appeals, Fifth Circuit.

Dec. 30, 1936.

Walter F. Brown, of Houston, Tex., for appellant.

E. R. Campbell, J. L. Webb, Albert J. De Lange, and Wilmer B. Hunt, all of Houston, Tex., for appellees.

Before FOSTER, SIBLEY and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

This is the second time appellant has been here to complain of a decree as to notes and deed of trust lien, executed by appellee, B. H. Wisdom, on the Darst 1,-066 acres, and later purchased by her to protect the half interest in the land she had acquired, subject to the lien.

When she was here before[1] she complained because, instead of giving her judgment for the whole amount of the notes with foreclosure on the whole, the decree was for one-half of the debt, with foreclosure on one-half of the land. We sustained her complaint against the decree in this and other particulars. Specifically declaring that she was entitled to recover for the full amount of the debt, with foreclosure against the whole tract, we reversed the decree and sent the cause back for further and not inconsistent proceedings.

On the coming down of the mandate, the District Judge, on April 26, 1934, finding the parties in disagreement as to the amount due appellant and the form of decree prescribed by our mandate, appointed a special master to "ascertain and report the amounts due and the form and character of decree which should in all things conform to" our decision of the appellate court.

In August, 1934, the master filed a report with a draft of decree giving appellant judgment for the whole debt with

---

foreclosure on the whole property. In the same month appellant by exceptions to the master's report, for the first time in the cause, put forward the claim that the decree should permit her to free her one-half of the property, by paying one-half of the judgment, and to foreclose on Wisdom's one-half of the property for the other half of it.

In November, 1934, she filed a supplemental bill in which she declared her willingness to credit the judgment with one-half of the amount of it, prayed to be allowed to free her one-half of the property from the lien and foreclosure, and that her lien for the balance due on the judgment be foreclosed against the other half of the property. In March, 1936, no additional pleadings having been filed, and no testimony having been offered, the District Judge entered a decree in keeping with the decision and mandate of this court, giving appellant judgment for the whole of the debt, and foreclosure on the whole of the property, with a deficiency judgment against B. H. Wisdom for any balance remaining due after the sale.

Appellant, insisting that one cotenant may in equity free his share in the common property from lien, by paying his proportionate part of the debt, and that her right as cotenant was not abridged by her ownership of the debt, complains of the decree as inequitable. Appellees insist that her claim comes too late after the reversal of the former decree on her complaint, and the coming down of the mandate in effect directing the entry of the decree of which she now complains. He insists, too, that there is no evidence at all showing or tending to show that the decree as entered will affect appellant inequitably, and that, wanting such evidence, there was nothing the District Court could do except enter the decree it did. He insists, further, that on the face of the record, and as shown by our former decision, the decree complained of is just and equitable as to appellant, as the creditor, and as to appellee, as the debtor, in that, by foreclosing on the whole rather than on an undivided one-half of the property, it is made much easier to secure bidders and a better price at the sale.

We think it quite plain that in the condition of the record appellant may not prevail. She has now the decree she successfully contended for on the first appeal. If the District Judge had against her wish entered any other decree than the one he did enter, he would have gone directly against the mandate, and thus have erred. If she had the right to change her position after the return of the mandate, so as to ask for a different decree, she must at least have pleaded and proven equities entitling her to do so. She pleaded nothing of this kind; she offered no evidence.

The decree was right. It is affirmed.